The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and oral arguments on appeal. No additional witness testimony was received by the Full Commission. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
Subsequent to arguments before the Full Commission, plaintiff filed a Motion To Remand for a New Hearing and the Taking of Additional Evidence. After careful consideration, plaintiff's 21 June 1997 Motion is DENIED.
* * * * * * * * * * * *
EVIDENTIARY RULING
All objections raised during the deposition of Mr. Jeff Treese and Dr. Kenneth Wood are ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties through a Pre-Trial Agreement, which is incorporated herein by reference, and at the hearing on 27 February 1996 as :
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. An index of medical records marked as stipulated exhibit (1) is received into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Berger, plaintiff was sixty-one years old with a sixth grade education. Plaintiff had worked for defendant-employer for twenty-five years.
2. In March 1990, plaintiff sustained a work-related injury to his lower back while loading sewing machines into a bed of a truck. Plaintiff was loading a four hundred pound swing machine in the flatbed of the truck when all the weight of the sewing machine shifted to plaintiff as a co-worker sought to transfer the machine to plaintiff from a loading dock. As the result of this incident, plaintiff sustained an aggravation of a preexisting spondylolisthesis at the L5-S1 region of his back. The injury plaintiff sustained in March 1990 is not the subject of the claim now before the Industrial Commission.
3. On 3 January 1991, Dr. Kenneth Wood performed fusion surgery on plaintiff's back at the L4-S1 region. This surgery involved the fusion of vertebrae in plaintiff's with bone from his hip, utilizing a metal plate and three screws implanted in his back. Additionally, Dr. Nick E. Grivas performed a decompression at the L4-L5 and L5-S1 region.
4. Following the 3 January 1991 fusion surgery, plaintiff continued to receive medical treatment from Dr. Wood. On 8 May 1991, an x-ray revealed that one of the screws in plaintiff's back had fractured. Prior to 9 October 1991, Dr. Wood scheduled plaintiff to have the screw and the plates removed because plaintiff continued to experience pain in his lower back region.
5. In June 1991, plaintiff returned to work in a light duty position for defendant-employer, working as a supervisor.
6. On 9 October 1991, plaintiff was moving a sewing machine for defendant-employer. The machine slipped off a pallet and plaintiff felt a snap in his back as he attempted to catch the machine.
7. Plaintiff properly reported the work related injury of 9 October 1991 to personnel of defendant-employer.
8. The injury plaintiff sustained on 9 October 1991 was a specific traumatic incident of the work assigned and constituted an injury by accident arising out of and in the course of his employment with defendant-employer.
9. Following his 9 October 1991 injury by accident, plaintiff was examined by Dr. Wood and also received medical treatment at the Anson County Hospital. Plaintiff was removed from work until 14 October 1991. Upon his return, plaintiff continued to work to 22 October 1991.
10. On 25 October 1991, plaintiff underwent surgery, which had been scheduled prior to his 9 October 1991 injury by accident. During this surgery, Dr. Wood removed the hardware that he had placed in plaintiff's back on 3 January 1991. Dr. Wood was of the opinion that the incident of 9 October 1991 had broken the plate loose and that it caused problems with the removal of the hardware. As the result of these problems, Dr. Wood was unable to remove one of the screws previously implanted in plaintiff's back, which will remain along with a newly installed battery stimulator.
11. The 9 October 1991 injury by accident to his back materially aggravated the condition of plaintiff's back for the worse following the incident in March 1990.
12. Following his recovery from surgery, plaintiff returned to work on 22 November 1991. Upon his return to work, plaintiff was asked to perform certain tasks which he did not feel he was capable of performing because of his condition. Plaintiff's supervisor indicated that no job would be available for him unless Dr. Wood certified in writing that plaintiff had certain lifting restrictions. Dr. Wood sent a letter to defendant-employer in which he expressed his opinion that plaintiff was totally incapable of performing any of the jobs at defendant-employer's facility due to the condition of plaintiff's back as the result of the 9 October 1991 injury by accident.
13. As the result of his 9 October 1991 injury by accident and the aggravation thereof of his preexisting back condition, plaintiff was unable to earn wages in his former position with defendant-employer or in any other employment during the following periods: from 9 October 1991 through 13 October 1991; from 25 October 1991 through 25 November 1991; and from 3 January 1992 through the present and continuing.
14. Plaintiff has sustained a thirty-five percent permanent partial disability to his back as a direct and natural result of the March 1990 incident and the aggravation thereof by his 9 October 1991 injury by accident. Should plaintiff return to work, plaintiff may submit a motion for permanent partial disability at that time.
15. The medical treatment received by plaintiff for his back strain at the Anson County Hospital and from Dr. Wood was causally related to, and reasonably necessary as the result of his 9 October 1991 injury by accident.
16. On 9 October 1991 plaintiff's average weekly wage was $470.00, yielding a compensation rate of $313.49.
17. Plaintiff received unemployment benefits for a nine week period from 7 June 1992 through 8 August 1992 at the rate of $247.00 per week.
18. Plaintiff received payments under a private disability insurance plan at various times and at varying amounts during the relevant periods hereto. Defendant-employer contributed eighty percent (80%) of the premiums, with plaintiff contributing the remaining twenty percent (20%).
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 9 October 1991 resulting from a specific traumatic incident. G.S. §97-2(6).
2. As the result of his 9 October 1991 injury by accident and its aggravation of his preexisting back condition, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $313.49 per week for the following periods:
 9 October 1991 through 13 October 1991; 25 October 1991 through 25 November 1991; and 3 January 1992 through the present and continuing until such time as plaintiff returns to work at his former wages or until further order of the Commission. G.S. § 97-29.
3. Defendants are entitled to a credit for unemployment benefits plaintiff received from 7 June 1992 through 8 August 1992, which were paid at the rate of $247.00 per week. Defendants are also entitled to a credit for payments to plaintiff under a private disability insurance plan. G.S. § 97-42; G.S. § 97-42.1.
4. As the result of his injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred. G.S. § 97-25.
5. The medical compensation to which plaintiff is entitled constitutes an "Award" under the terms of the Workers Compensation Act, therefore, plaintiff is entitled to have defendants pay interest pursuant to the terms of G.S. § 97-86.2 on the amount of unpaid medical expenses, to be calculated from 28 March 1996, the date of the initial hearing. Childress v. Trion, Inc., No. COA96-412, slip op. (N.C.App. 4 March 1997).
6. An attorney's fee of twenty-five percent (25%) of the compensation to which plaintiff is entitled is approved for counsel for plaintiff.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $313.49 per week for the following periods: 9 October 1991 through 13 October 1991; 25 October 1991 through 25 November 1991; and 3 January 1992 through the present and continuing until such time as plaintiff returns to work at his former wages or until further order of the Commission. This compensation is subject to the attorney's fee hereinafter awarded and to the credits to which defendants are entitled for the unemployment benefits and private disability insurance payments made to plaintiff. The amount of compensation which has accrued to the date of this Opinion and Award shall be paid to plaintiff in a lump sum.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his injury by accident, including treatment at the Anson County Hospital and from Dr. Wood as the result of his 9 October 1991 injury by accident.
3. Defendants shall pay interest on unpaid medical expenses pursuant to the terms of G.S. § 97-86.2, to be calculated from 28 March 1996, the date of the initial hearing. This payment of interest is not subject to an attorney's fee and shall be paid in full to plaintiff.
4. Defendants shall pay an attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff to counsel for plaintiff. From the amounts having accrued, the fee shall be deducted from the amounts owed to plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check payable to plaintiff thereafter.
5. Defendants shall pay the costs, including an expert witness fee in the amount of $2,350.00 to Dr. Wood.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ DIANNE C. SELLERS COMMISSIONER